# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MICHAEL SANTA LUCIA,** | **Civil Action No. 11-930 (CCC) (JAD)** |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **MCCLAIN & COMPANY, INC., ALAN LADD, MATTHEW PASQUALE, JOHN DOES 1-10 and XYZ CORP. 1-10,** | |
| **Defendants.** | |
| **FRANK BRUNO, IVAN CASIANO, DANNY BRATTOLI, JOSEPH TRITTO, GABRIEL SCIANNA,** | |
| **Plaintiffs,** | |
| **v.** | |
| **MCCLAIN & COMPANY, INC., ALAN LADD, MARK CARUCCI, JOHN DOES 1-10 and XYZ CORP. 1-10,** | |
| **Defendants.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon (1) Plaintiffs' motion for leave to file a third amended pleading to add Mr. Daniel McClain, the President and owner of Defendant McClain & Company, as a defendant in his individual capacity and to assert a new cause of action under the New Jersey Prevailing Wage Act against all defendants, (ECF No. 52); and (2) Defendants McClain & Company, Matthew Pasquale and Alan Ladd's motion to amend their responsive pleading to allege new counterclaims against Plaintiff Frank Bruno, and for sanctions related to

Plaintiff Bruno's alleged spoliation. (ECF No. 51). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**. Defendants McClain & Company, Matthew Pasquale and Alan Ladd's motion is likewise **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

In these consolidated matters, Plaintiffs allege that Defendants "failed to properly compensate Plaintiffs for the work they performed as employees of McClain & Co. in violation of company policy and state and federal law", (Pl. Br., ECF No. 52-2 at 2), and that Defendants also unlawfully terminated Plaintiffs' employment. (Id. at 3). Currently before the Court are: (1) Plaintiffs' motion for leave to file a third amended pleading to add Mr. Daniel McClain ("Mr. McClain"), the President and owner of McClain & Company, as a defendant in his individual capacity and to assert a cause of action under the New Jersey Prevailing Wage Act, (ECF No. 52); and (2) Defendants McClain & Company, Matthew Pasquale and Alan Ladd's motion to amend their responsive pleading to allege new spoliation-related counterclaims against Plaintiff Frank Bruno. (ECF No. 51). Those Defendants also seek sanctions regarding Plaintiff Bruno's alleged spoliation. (Id.).

To put the parties' motions in the proper context, it is necessary to summarize the more than thirty-one months of procedural history in these cases. Plaintiff Michael Santa Lucia commenced an action against Defendants McClain & Company, Matthew Pasquale and Alan Ladd (the "Santa Lucia Defendants") in the New Jersey Superior Court on January 11, 2011. (Pl. Br., ECF 52-2, at 3) (the "Santa Lucia Matter"). On the same date, Plaintiffs Frank Bruno, Ivan Casiano, Danny Brattoli and Joseph Tritto filed a separate case (the "Bruno Matter") in the

New Jersey Superior Court against Defendants McClain & Company, Marc Carucci and Alan Ladd (the "Bruno Defendants") (Id.). On February 18, 2011, both the Santa Lucia Defendants and the Bruno Defendants removed their respective cases to the United States District Court for the District of New Jersey. (Id.).[1]

The Santa Lucia Defendants filed an answer on March 10, 2011. (ECF No. 3). In the Bruno Matter, Defendants Ladd and McClain & Company filed their responsive pleading on March 10, 2011, (11-cv-931, ECF No. 3), and Defendant Marc Carucci filed an answer as well as a crossclaim against McClain & Company on April 5, 2011. (11-cv-931, ECF No. 6).

On April 1, 2011, the Santa Lucia Defendants filed a motion to consolidate the matters, which the plaintiff in that case opposed. (ECF Nos. 5 and 16). That motion was temporarily held in abeyance to allow the parties to focus their attentions on an upcoming settlement conference, but was reinstated in August 2011. On September 29, 2011, while the motion to consolidate was still pending, the plaintiffs in the Bruno Matter filed a First Amended Complaint adding a new plaintiff (Gabriel Scianna) without either the consent of their adversaries or the Court's leave, in violation of Federal Rule of Civil Procedure 15. (11-cv-931, ECF No. 13). On the same date, counsel for Defendants McClain & Company, Ladd and Pasquale informally requested leave to amend their pleadings to assert counterclaims against the plaintiffs in both cases.

By Letter Order dated October 12, 2011, this Court: (1) retroactively granted the Bruno Plaintiffs leave to file their Amended Complaint (despite those plaintiffs' violation of Rule 15);

---

[1] All plaintiffs in both the Santa Lucia and Bruno Matters are represented by the same counsel – the Law Offices of John J. Zidziunas LLC and Hyderally & Associates, PC. Likewise, with the exception of Defendant Marc Carucci, all defendants in both matters are represented by Bauch Zucker Hatfield LLC. Mr. Carucci is represented by Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

(2) granted the defendants in both matters leave to amend their pleadings to assert certain counterclaims; and (3) consolidated the Santa Lucia and Bruno Matters. (ECF No. 23).[2]

On October 13, 2011, Defendants McClain & Company and Alan Ladd filed an answer to the Amended Complaint in the Bruno Matter, including a counterclaim against all plaintiffs. (11-cv-931, ECF No. 17).[3] On October 18, 2011, Defendants McClain & Company, Alan Ladd and Matthew Pasquale file an Amended Answer in the Santa Lucia matter, and included a counterclaim against the plaintiff in that case. (ECF No. 24). Plaintiff Michael Santa Lucia filed a response to that counterclaim on October 26, 2011. (ECF No. 25).

By letter dated November 11, 2011, all plaintiffs in both matters jointly sought leave to file a Second Amended Complaint to add a new named plaintiff, Dwayne Webster, and related allegations. (ECF No. 29). The Court granted leave and Plaintiffs filed their second amended pleading on December 13, 2011. (ECF No. 32). All Defendants thereafter filed responsive pleadings and reasserted their various crossclaims and counterclaims. (ECF Nos. 34, 35). On November 29, 2011, the Court entered a Scheduling Order requiring, in pertinent part, that the parties file any motion to add new parties or otherwise amend by March 15, 2012. (ECF No. 31 at 2-3).

Discovery was temporarily stayed while the parties attempted to resolve their disputes through mediation. (ECF Nos. 36, 38). Thereafter facing a discovery end date of October 15, 2012, the parties jointly requested that the fact discovery period be extended through January 15, 2013, with expert discovery to occur thereafter, and represented that "this time table will allow

---

[2] The Santa Lucia matter, No. 11-cv-930 (CCC) (JAD), has been designated as the lead case.
[3] It appears that the plaintiffs did not file a response to the Bruno Defendants' counterclaims until December 13, 2011. (ECF No. 33).

the parties to complete all necessary discovery required in these cases." (ECF No. 39). The Court adopted the parties' revised discovery schedule. (ECF No. 41).

During a telephone status conference held on December 11, 2012, counsel for Defendants McClain & Company, Matthew Pasquale and Alan Ladd (collectively, the "McClain Defendants") notified the Court of a potential spoliation issue, as Plaintiff Bruno allegedly testified at deposition that he relied on a certain "logbook" (containing dates that he worked during his employment with McClain) when preparing his pleading, and that he was no longer in possession of that document. By letter dated January 4, 2013, (ECF No. 46), the McClain Defendants memorialized that issue and informally requested leave to amend their pleading to assert counterclaims for negligent destruction of evidence and fraudulent concealment of evidence. By letter dated January 10, 2013, (ECF No. 47), Plaintiffs objected to the McClain Defendants' request and, among other things, requested leave to file a Third Amended Complaint naming Mr. McClain, as a defendant in his individual capacity and adding a new cause of action under the New Jersey Prevailing Wage Act against all defendants. On January 11, 2013, this Court ordered that the parties file formal motions to amend their respective pleadings.

On January 31, 2013, Plaintiffs and the McClain Defendants filed motions seeking to amend their pleadings to add the claims described above. (ECF Nos. 51 and 52). Those applications were fully briefed and, at this Court's direction, (ECF No. 64), the parties filed supplemental letters addressing (1) the impact that the parties' proposed amendments would have on the fact discovery schedule; and (2) whether adding Daniel McClain as an individual defendant would have any impact on the calculation of Plaintiffs' alleged damages. (ECF Nos. 65-66).

## II.     THE PARTIES' ARGUMENTS

### a.      Plaintiffs' Motion for Leave to File a Third Amended Complaint

As noted, Plaintiffs seek leave to amend their pleading to (1) name McClain & Company's President and owner, Daniel McClain, as a defendant in his individual capacity; and (2) add claims under the New Jersey Prevailing Wage Act against all defendants. (Pl. Br., ECF No. 52-2, at 5). Plaintiffs repeatedly state that "[t]he sole and mere purpose of [their requested] amendment is to correct the pleadings to accurately reflect all Defendants and all claims." (Id.). Plaintiffs note the liberal standard afforded requests for amendment, claim that they are not alleging any "new unrelated facts", (id.), and that Defendants will not be prejudiced by the proposed amendment, as they can conduct additional discovery regarding the new party and cause of action. (Id.). Plaintiffs also contend that they will suffer "severe prejudice" should the Court deny their request, as discovery has revealed "ample facts" supporting their proposed amendment. (Id.).

With regard to their application to add Mr. McClain as an individual defendant, Plaintiffs contend that recent deposition testimony (including that of Mr. McClain himself), has revealed that Mr. McClain personally and actively participated in the creation and maintenance of the alleged wage violations at issue. (Id. at 6-7). Plaintiffs further claim that, based on those alleged actions, Mr. McClain may be considered to be Plaintiffs' "employer" under the various statutes at issue in this case. (Id. at 7).

Plaintiffs argue that they seek to add a cause of action under the Prevailing Wage Act "in light of Defendants' blatant admissions of their failure to pay Plaintiffs their full amount of prevailing wages." (Id.).

In their opposition to Plaintiffs' motion, (ECF No. 58), the McClain Defendants raise three primary arguments. First, the McClain Defendants contend that Plaintiffs lack "good

cause" for their application, as Plaintiffs had all of the factual information underlying their proposed amendments at the time they filed their original complaints in January 2011,[4] and cannot demonstrate, therefore, any justification for their failure to seek leave to make those amendments prior to the Court's March 15, 2012 deadline. (Id. at 9-13). Second, Defendants' argue that it would be futile to allow Plaintiffs to add a cause of action under the New Jersey Prevailing Wage Act, as that statute, which requires that wages be paid at the "prevailing rate" for "public work", applies only with regard to "construction, reconstruction, demolition, alteration or repair work, or maintenance work", (id. at 13), and does not apply to lane closure work performed in connection to the bridge and sign inspections at issue in this case. (Id. at 13-15).[5] Third, the McClain Defendants claim that they would suffer "extreme prejudice" should Mr. McClain be named as an additional defendant, as it would deny Mr. McClain the opportunity to "retain separate counsel to represent his individual interests", (id. at 16), and may require that the McClain Defendants be permitted to depose Mr. McClain (who was previously deposed "only as a witness and not as a Defendant with potential personal liability") and others regarding the extent of Mr. McClain's day-to-day involvement with McClain & Company's New Jersey office. (Id. at 16-17).

In their reply submission, Plaintiffs first contend that Mr. McClain may be considered an "employer", and may therefore be subject to individual liability under the relevant statutes. (ECF No. 61 at 1-3). That argument is irrelevant to this motion, however, as the McClain Defendants never challenged the facial, legal sufficiency of Plaintiffs' proposed claims against

---

[4] The McClain Defendants also argue that Plaintiffs had information regarding Daniel McClain's alleged personal involvement in the wage policies at issue, at the latest, following Defendant Carucci's deposition in April 2012. (Id. at 8, 12-13).
[5] The McClain Defendants do not make a "futility" argument with regard to Plaintiffs' request to name Daniel McClain as an individual defendant.

Mr. McClain. Rather, as noted above, they simply argue that, due to an inordinate delay, Plaintiffs cannot establish good cause to add claims against Mr. McClain at this juncture. Plaintiffs next contend that Defendants' arguments regarding Mr. McClain's need for separate counsel are without basis, (id. at 3-4), and that the proposed amendments are necessary in light of New Jersey's entire controversy doctrine. (Id. at 4-5). Finally, Plaintiffs argue that the inspection-related lane closure services at issue in this case may count as "maintenance work" under the Prevailing Wage Act and therefore fall within the ambit of that statute. (Id. at 5-6).

In their supplemental submission dated April 24, 2013, the McClain Defendants argued that because, until now, Plaintiffs had only made "prevailing wage" claims in connection with New York work, permitting Plaintiffs to amend their pleading to include a cause of action under the New Jersey Prevailing Wage Act would require the McClain Defendants to "re-review more than 6000 pages of discovery already produced . . . [and] go back and reach out to all of their New Jersey contractors to obtain documentation demonstrating that prevailing wages were not required to be paid on any New Jersey jobs." (ECF No. 66 at 3). Plaintiffs disagree, arguing that "Defendants had ample opportunities to explore issues relating to the NJPWA with regard to Plaintiff Santalucia [sic], thereby exhausting discovery." (Id. at 5). Plaintiffs also argue that "[n]o additional facts or documents would be needed to show liability under the NJPWA, but instead the issue of liability will turn on the interpretation of the language of the statute." (Id. at 6). Plaintiffs also contend, for the first time, that they are only seeking to add a Prevailing Wage Act claim on behalf of Plaintiff Santa Lucia. (ECF No. 65 at 5). That contention is belied by the text of their proposed Third Amended Complaint, which plainly asserts that cause of action on behalf of all Plaintiffs. (ECF No. 63 at 34). The parties disagree on whether Plaintiffs' damage

calculations would change if Plaintiffs are permitted to add Mr. McClain as a defendant. (Compare ECF No. 65 at 2 with ECF No. 66 at 3-4).

### b. The McClain Defendants' Motion for Leave to Amend and for Spoliation Sanctions Against Plaintiff Bruno

The McClain Defendants contend that Plaintiff Bruno's destruction or failure to preserve the logbook constitutes spoliation, (Def. Br. ECF No. 51-1 at 7-11), and that the Court should impose sanctions barring that plaintiff from seeking any damages associated with his wage and hour claims. (Id. at 14) ("Only by preventing Plaintiff Bruno from recovering any damages will Defendant McClain's prejudice by relieved.") In the alternative, the McClain Defendants request that the Court "impose an adverse inference instruction and monetary sanctions on Plaintiff Bruno and his attorneys." (Id.). The McClain Defendants also seek the Court's leave to amend their responsive pleading to include new counterclaims related to Plaintiff Bruno's alleged spoliation. Specifically, the McClain Defendants wish to add new causes of action for negligent destruction of evidence and fraudulent concealment of evidence. (Id. at 19; Proposed Am. Answer, ECF No. 51 at 45-46). They further contend that the Court may both impose spoliation sanctions against Plaintiff Bruno and permit the McClain Defendants to pursue affirmative counterclaims against him. (Def. Br., ECF No. 51-1 at 20-21, 24-25).

In their opposition, Plaintiffs assert that the McClain Defendants' spoliation claim fails, as those defendants cannot establish that Plaintiff Bruno withheld or destroyed the logbook either intentionally or in an act of bad faith, as is required under Third Circuit law. (Pl. Br., ECF No. 57 at 6-7). Rather, Plaintiffs contend, the evidence of record indicates that Plaintiff Bruno inadvertently misplaced or disposed of that document. (Id. at 7-8). Plaintiffs further argue that, even if the Court were to find that Mr. Bruno spoliated evidence, the McClain Defendants have not established an entitlement to sanctions, as there is no evidence that Mr. Bruno acted

intentionally or in bad faith or that the McClain Defendants (who may obtain the information contained in the logbook from other sources, including their own payroll records) will suffer any prejudice as a result. (<u>Id.</u> at 8-12). Plaintiffs also claim that it would be futile to allow the McClain Defendants to amend their pleading, as courts do not recognize an independent tort for negligent destruction of evidence, (<u>id.</u> at 13), and because the facts at issue in this matter will make it impossible for the McClain Defendants to prevail on a claim for fraudulent concealment of evidence. (<u>Id.</u> at 13-16).

In their reply submission, the McClain Defendants contend that spoliation occurs even if a party is simply negligent in failing to preserve potentially discoverable evidence, (Def. Rep. Br., ECF No. 60 at 4-5) and, in any case, the facts suggest that Plaintiff Bruno acted in bad faith with regard to the logbook. (<u>Id.</u> at 5). They go as far as to allege that "the facts before the Court show an intentional and willful act on the part of Plaintiff Bruno and his attorneys." (<u>Id.</u> at 8). With regard to the severity of their requested sanction (<u>i.e.</u>, prohibiting Mr. Bruno from seeking economic damages), the McClain Defendants represent to the Court that "[t]his is the only sanction that levels the playing field visited upon the McClain Defendants as a result of the destruction of the log book." (<u>Id.</u> at 6). The McClain Defendants also argue, for the first time, that the loss of the logbook will prejudice their ability to prove their counterclaims against Plaintiff Bruno. (<u>Id.</u> at 7). They further contend that they have, in fact, alleged sufficient factual support for their fraudulent concealment claim. (<u>Id.</u> at 9-12). Finally, in response to Plaintiffs' argument regarding the unavailability of a cause of action for negligent destruction of evidence, the McClain Defendants urge the Court to instead consider that claim as one for simple negligence. (<u>Id.</u> at 12).

### III.    THE APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 15 typically governs motions to amend or supplement proceedings.  Where a party fails to seek amendment prior to the applicable deadline set out in the Court's pretrial scheduling order, however, that party's application must satisfy the requirements of <u>both</u> Rule 15(a) and Rule 16(b)(4).

### a.    The "Good Cause" Requirement Under Rule 16(b)(4)

Where a scheduling order sets a deadline for the amendment of pleadings and a party seeks amendment after the deadline has passed, that party must meet Rule 16's "good cause" standard in order to amend.  <u>Stallings ex rel. Estate of Stallings v. IBM Corp</u> CIV. No. 08-3121 (RBK) (JS), 2009 U.S. Dist. LEXIS 81963, *44-46 (D.N.J. Sept. 8, 2009) (citations omitted). This is because motions to amend that are filed after a scheduling order deadline has passed are treated as motions to amend the pretrial scheduling order, <u>see id.</u> at *46 (citing <u>Assadourian v. Harb</u>, 71 Fed. R. Serv. 3d 693 (D.N.J. 2008) <u>aff'd</u>, 430 F. App'x 79 (3d Cir. 2011)); (<u>see also</u> <u>Dimensional Commc'ns., Inc. v. OZ Optics, Ltd.</u>, 148 F. App'x 82, 85 (3d Cir. 2005) (finding that plaintiff must satisfy Rule 16's "good cause" requirement if seeking to amend the complaint after the deadline for amending pleadings has passed)), and, under Rule 16(b)(4), a scheduling order may only be modified for good cause.  In these situations, the Court must conduct a threshold "good cause" inquiry under Rule 16 because scheduling orders would otherwise "be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." <u>Harrison Beverage Co. v. Dribeck Importers, Inc.</u>, 133 F.R.D. 463, 469 (D.N.J. 1990); <u>Washington v. Hovensa LLC</u>, 652 F.3d 340 (3d Cir. 2011) (noting that a Magistrate Judge acted within his discretion when denying request to extend expert deadlines where the plaintiff failed to establish good cause to modify the deadlines set out in the

operative pretrial scheduling order).  Only after the party seeking a late amendment has established "good cause" for the application will the Court evaluate the proposed amendment under Rule 15(a).

The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed.  Stallings, 2009 U.S. Dist. LEXIS 81963, at *47 (citing Dimensional Commc'ns., Inc., 148 F. App'x at 85 (defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline.")); Prime Ins. Syndicate v. United Risk Mgmt. Srvcs., No. 03-1050 (SRC), 2006 U.S. Dist. LEXIS 50670, *13 (D.N.J. July 25 2006) ("Plaintiff provided no reason for why it could not have asserted these new claims against [the defendant] within the requisite deadlines."); Harrison Beverage Co., 133 F.R.D. at 469 ("This is most definitely not a motion in which any of defendant's six proposed new affirmative defenses arose from recent discovery in the case.").

### b.    Standard For Amendments Under Rule 15(a)

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend and provides that after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court."  Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993).  The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on

technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. Foman v. Davis, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) unfair prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d. Cir. 2000). Unfair prejudice is the most common factor used by courts to deny leave and is typically found when there has been a significant, unjustified delay in moving to amend that unfairly disadvantages another party. Delay alone, however, will not require a court to deny a motion for leave to amend. See Cureton v. Nat'l College Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (holding that mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay). Only where delay becomes "undue", i.e., placing an unwarranted burden on the court, or "prejudicial", i.e., placing an unfair burden on the opposing party, is denial of a motion to amend appropriate. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant]."). Delay may become undue when there has been previous opportunity to amend the complaint. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (finding that a three-year lapse between the filing of the complaint and the proposed amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). In such cases, the Court must focus on the moving party's reasons for not amending the pleading sooner. USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004).

A proposed amendment may also be denied based on futility if it "would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115. "In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009) (internal citation omitted). Moreover, in determining whether a proposed amendment is futile, "the court looks only to the pleadings." Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 765 (D.N.J. 2000); see also Hassoun v. Cimmino, 126 F. Supp. 2d 353, 369, n.24 (D.N.J. 2000) (in resolving a motion to amend, the court declined to consider affidavits submitted in connection with a proposed amended complaint, as those affidavits fell outside of the pleadings).

### c. Standards Governing a Spoliation Claim and Request for Sanctions

A claim for spoliation of evidence requires the Court to conduct a two-part inquiry. First, the Court must determine whether the conduct at issue constitutes spoliation. If the Court agrees that spoliation has occurred, it must next consider the sanctions available to redress the situation. Bull v. United Parcel Service, Inc., 665 F.3d 68, 73, n.5 (3d Cir. 2012). The United States Court of Appeals for the Third Circuit has articulated a four-factor test for determining whether a party has engaged in spoliation: "Spoliation occurs where: [1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party." Id. at 73.

When analyzing a request for spoliation sanctions, a court must consider "'(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered

by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.'" Id. at 73, n.5 (quoting Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 79, 79 (3d Cir. 1994)).

## IV. ANALYSIS

### a. Proposed Amendment Adding Mr. McClain as a Defendant

#### i. Good Cause Under Rule 16

Plaintiffs seek leave to amend their pleading to add Mr. McClain as a defendant in his individual capacity. As they bring this application long after the March 15, 2012 deadline for filing motions to amend, Federal Rule of Civil Procedure 16(b)(4) requires Plaintiffs to establish good cause for their proposed amendment.

Plaintiffs contend that good cause exists because they first obtained information regarding Mr. McClain's alleged personal involvement with the wage policy at issue in this case in October 2012, well after the March 15, 2012 deadline had expired. (Pl. Br., ECF No. 52-2 at 6-7). While the McClain Defendants argue that Plaintiffs actually had such knowledge before filing their initial complaints in January 2011, based on information that Plaintiff Santa Lucia disclosed during his deposition, (Def. Br., ECF No. 58, at 12), this Court disagrees. In the portion of the deposition transcript the McClain Defendants cite, Plaintiff Santa Lucia recalled a telephone conversation between Defendant Carucci and Mr. McClain that Plaintiff Santa Lucia "vaguely heard" from "another room." (ECF No. 58-1, Ex. C, at 112:8-10). Plaintiff Santa Lucia testified that Defendant Carucci allegedly brought up the idea of the "four and three" wage policy and that Mr. McClain responded "[w]ith questions" regarding the propriety and potential financial impact of the policy. (Id. at 114:7-24). The McClain Defendants do not, of course,

suggest that such basic, conceptual discussions might be sufficient to subject Mr. McClain to liability.[6]

As the record before the Court demonstrates that Plaintiffs acquired the factual information underlying their proposed claims against Mr. McClain *after* the deadline for amendment set out in the November 29, 2011 Scheduling Order, the Court finds that good cause exists to allow Plaintiffs to amend out of time. The Court will now examine Plaintiffs' proposed amendment for undue delay, unfair prejudice, bad faith / dilatory motive and futility under Federal Rule of Civil Procedure 15(a).

### ii.      Undue Delay

The McClain Defendants contend that Plaintiffs' application must be denied because of Plaintiffs' prolonged delay in seeking to add Mr. McClain as a defendant. (Def. Br., ECF No. 58 at 11-13). First, the McClain Defendants contend, based on Plaintiff Santa Lucia's deposition testimony, that Plaintiffs had the necessary factual basis for such claims before they filed their initial complaints. The Court has already considered and rejected that argument in connection with the "good cause" analysis above. The McClain Defendants also suggest that Plaintiffs obtained all of the factual information necessary to raise claims against Mr. McClain, at the latest, during Defendant Carruci's deposition in April 2012. (Id. at 7-8, 12-13). While the McClain Defendants cite portions of Mr. Carruci's deposition transcript in support of their argument, those excerpts, at most, suggest that Mr. McClain proposed the idea of a "four/three" wage policy for discussion purposes, but are silent regarding the decision to put the policy into action. (See ECF No. 58-1, Ex. A at 121:1-125:4; 242:6-16).

---

[6] The McClain Defendants likewise fail to explain why the information that Plaintiff Santa Lucia overheard might be attributable to the other six plaintiffs.

From the record submitted to the Court in connection with Plaintiff's motion, it appears that Plaintiffs first obtained information regarding Mr. McClain's alleged, active role in implementing and maintaining the wage policy at issue (as opposed to mere discussions with Defendant Carucci regarding the idea of such an arrangement) at Mr. McClain's deposition on October 5, 2012. (ECF No. 52-4, Ex. B, at 148:4-14). While Plaintiffs then waited until January 10, 2013 to request leave to add Mr. McClain as a Defendant, (ECF No. 47), the Court does not find that three month delay to be so severe as to require denial of Plaintiffs' application.

### iii. Unfair Prejudice

The McClain Defendants argue that they would suffer "extreme prejudice" if Mr. McClain is added as an individual defendant, as "it will deny Mr. McClain the opportunity to retain separate counsel to represent his individual interests." (Def. Br., ECF No. 58, at 16). Specifically, the McClain Defendants speculate that, if Mr. McClain had been added as a party earlier in this action, it may have "changed some or all of the Defendants' approach to the manner in which this case has been defended." (Id.). This argument appears to be a mere makeweight. Though Mr. McClain submitted a seven-page certification in opposition to Plaintiffs' motion, (ECF No. 58-2), he does not suggest that he actually would contemplate retaining separate counsel should he be named as a party. Moreover, the McClain Defendants do not elaborate on how their defense might have changed had Mr. McClain been added as a defendant earlier in this matter or suggest that there might be a conflict of interest if Mr. McClain does not have his own counsel. The McClain Defendants' vague, speculated harms are insufficient to constitute the sort of "unfair prejudice" that would justify denial of Plaintiffs' motion.

The McClain Defendants also assert that adding Mr. McClain as a defendant would delay resolution of this matter, as they will have to depose Mr. McClain, all Plaintiffs, and others to determine the extent of Mr. McClain's involvement in the operation of McClain & Company's New Jersey office. (Id. at 17). Plaintiffs, who would bear the burden of proof on any claims against Mr. McClain, represent that they "were prudent to collect additional evidence through discovery to properly ascertain the strength of Mr. McClain's individual liability," that they "acquired such evidence through multiple witnesses," and that their amendment would not result in any delay. (ECF No. 61 at 4). Even assuming that the McClain Defendants may need to conduct supplemental discovery on the discrete issue of Mr. McClain's individual liability, the Court finds that the McClain Defendants would have had to conduct such discovery regardless of when Mr. McClain was added as a party, and the fact that they may have to do so at this juncture of the case is not unfairly prejudicial. The Court further finds that any potential prejudice may be minimized through careful case management regarding any remaining, necessary discovery.

### iv. Bad Faith or Dilatory Motive

Defendants do not contend that Plaintiffs' application to amend their pleading to add Mr. McClain as a defendant is motivated by bad faith or some other improper purpose. The Court will not, therefore, consider this factor as a potential basis for denying Plaintiffs' motion.

### v. Futility

"To establish futility, the party opposing the motion to amend must demonstrate that the proposed amendments to the pleadings would not survive a motion to dismiss for failure to state a claim or lack of subject-matter jurisdiction." Avaya, Inc. v. Cisco Sys., No. 10-5881 (FLW), 2012 U.S. Dist. LEXIS 79219, *6-7 (D.N.J. June 6, 2012) (Wolfson, J.). Defendants do not contend that Plaintiffs' proposed claims against Mr. McClain are legally insufficient or would

otherwise be susceptible to dismissal. The Court will not, therefore, consider this factor as a potential basis for denying Plaintiffs' application to add Mr. McClain as a defendant.

### vi.     Conclusion

As the Court finds that good cause exists to permit Plaintiffs to amend their pleading to add Mr. McClain as a defendant, and that proposed amendment was not unduly delayed and would not be unfairly prejudicial to Defendants, and because Defendants do not contend that the amendment would be futile, the interests of justice require that the Court grant the portion of Plaintiffs' motion seeking to add claims against Mr. McClain.

### b.     Proposed Amendment Adding a Cause of Action Under the New Jersey Prevailing Wage Act

### i.     Good Cause Under Rule 16

Plaintiffs also request leave to amend their pleading to assert a new cause of action, on behalf of Plaintiff Santa Lucia only, (ECF No. 65 at 5), under the New Jersey Prevailing Wage Act. As with their request to add Mr. McClain as a Defendant, Plaintiffs must establish good cause to allow this late, proposed amendment. They make no sincere effort to do so.

Instead, Plaintiffs summarily state, without more, that they seek this amendment "in light of Defendants' blatant admissions of their failure to pay Plaintiffs their full amount of prevailing wages." (Pl. Br., ECF No. 52-2 at 7). Plaintiffs do not elaborate on when those alleged admissions occurred, let alone demonstrate that Defendants made any such admissions after the March 15, 2012 deadline for amendment. Plaintiffs do not discuss those purported admissions in their proposed amendment. Indeed, it seems that all factual allegations concerning Plaintiff Santa Lucia have remained identical since that Plaintiff filed his original pleading on January 11, 2011. (Compare ECF No. 1 at p. 9, ¶ 5; pp. 10-16, ¶¶ 14-89 with ECF No. 63 at p. 5, ¶ 4; pp.7-12, ¶¶ 21-96). This includes factual allegations that would appear to support Plaintiff Santa

Lucia's claim under the New Jersey Prevailing Wage Act.  (See, e.g., ECF No. 1 at 12, ¶¶ 87, 93) (alleging that Defendants failed to properly pay Mr. Santa Lucia for 263 shifts of prevailing wage work in 2009 and 2010).  Plaintiffs have offered no explanation for their failure to include such a claim in Mr. Santa Lucia's original Complaint, or either of Plaintiffs' two subsequent amended pleadings, let alone why they failed to seek to add this claim prior to the Court's March 15, 2012 deadline.  Plaintiffs have therefore failed to proffer any reason, let alone good cause, to justify this late amendment.

### ii.    Undue Delay

For the reasons articulated above with regard to the Court's "good cause" analysis, the Court finds that Plaintiffs have acted with undue delay in seeking to add a cause of action under the New Jersey Prevailing Wage Act.

### iii.    Futility

The New Jersey Prevailing Wage Act, N.J.S.A. 34:11-56.25, et seq., requires contractors to pay a certain minimum wage to workmen (a defined term) engaged in public works, and provides those workmen with a private right of action to enforce its terms.  N.J.S.A. 34:11-56.40. The Act defines "public work", in pertinent part, as: "construction, reconstruction, demolition, alteration, custom fabrication, or repair work, or maintenance work, including painting and decorating, done under contract and paid for in whole or in part out of the funds of a public body, except work performed under a rehabilitation program."  N.J.S.A. 34:11-56.26(5).   The Act further defines "maintenance work" as "the repair of existing facilities when the size, type or extent of such facilities is not thereby changed or increased", as well as "any work on a maintenance-related project that exceeds the scope of work and capabilities of in-house maintenance personnel, requires the solicitation of bids, and has an aggregate value exceeding

$50,000." Only work on projects that fall within the statutory definition of "public work" is covered under the Act.

The McClain Defendants argue that the work at issue falls outside the scope of the Prevailing Wage Act because "the work Plaintiffs' performed was not for the purpose of 'construction, reconstruction, demolition, alteration or repair work or maintenance work' . . . [r]ather, all work Plaintiffs performed in New Jersey and New York was for bridge and sign inspection, only." (Def. Br., ECF No. 58 at 14). The McClain Defendants base that argument on a certification that McClain and Company's President, Mr. McClain, prepared in opposition to Plaintiffs' motion. (Id.). As the McClain Defendants' argument depends entirely on information outside of the pleadings, it would therefore be inappropriate for the Court to consider it in the context of a motion for leave to amend. See Pharmaceutical Sales & Consulting Corp., 106 F. Supp. 2d at 765.

Plaintiffs' Prevailing Wage Act claims fails on an even more fundamental level, however. The proposed Third Amended Complaint lacks sufficient factual allegations to establish a plausible entitlement to relief under the Act. While Plaintiff Santa Lucia allegedly worked on "state and government contracts in New York and New Jersey", (ECF No. 63 at 7, ¶ 27), Plaintiffs do not allege what those contracts involved. Indeed, nowhere in the proposed Third Amended Complaint's seventy-six paragraphs devoted to Plaintiff Santa Lucia, (¶¶ 4, 21-96), is there any description of the types of projects that Mr. Santa Lucia was involved in. While Plaintiffs baldly allege that Plaintiff Santa Lucia performed "prevailing wage work" in 2009 and 2010, (id. at ¶¶ 87, 93), Plaintiffs do not allege that Mr. Santa Lucia did any of that work in New Jersey, let alone provide the factual detail necessary for the Court to determine if that work might, in fact, fall within the ambit of the Prevailing Wage Act. Finally, while Plaintiffs allege

that "[t]he actions of Defendants give rise to a violation of the PWA", (id. ¶ 373), courts "'are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)).  As Plaintiffs have failed to provide the factual basis for their proposed claim under the Prevailing Wage Act, they have failed to "'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 668 (internal citations omitted).  It would, therefore, but futile to allow Plaintiffs to amend their pleading to add such a claim.

### v.   Unfair Prejudice / Bad Faith or Dilatory Motive

As the Court finds that (1) Plaintiffs have failed to establish good cause sufficient to justify their late, proposed amendment; (2) acted with undue delay in bringing their application to amend and (3) Plaintiffs' proposed amendment is futile, as it would not survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court need not examine whether the proposed amendment would create unfair prejudice or is driven by any improper motive.

### vi.   Conclusion

As Plaintiff Santa Lucia's proposed amendment is futile, and because Plaintiffs have not provided any explanation for their prolonged delay in seeking amendment, the Court will deny the portion of Plaintiffs' motion seeking to add a cause of action under the New Jersey Prevailing Wage Act.

### c. The McClain Defendants' Proposed Amended Counterclaims

### i. Good Cause Under Rule 16

The McClain Defendants have moved for leave to amend their pleading to add new counterclaims against Plaintiff Bruno for negligent destruction of evidence and fraudulent concealment of evidence. The McClain Defendants contend that they first learned of the alleged spoliation underlying those claims during Mr. Bruno's October 10, 2012 deposition, long after the March 15, 2012 deadline for motions for leave to amend had passed. Plaintiffs do not contend that the McClain Defendants could have sought their proposed amendment prior to that deadline. The Court therefore finds good cause to consider the McClain Defendants' proposed amendment.

### ii. Undue Delay / Unfair Prejudice / Bad Faith or Dilatory Motive

Plaintiffs do not argue and nothing in the record before the Court suggests that (1) the McClain Defendants either delayed in seeking leave to amend; (2) Plaintiffs would be unfairly prejudiced by the addition of counterclaims at this juncture of the case; or (3) that the McClain Defendants' proposed amendment is motivated by bad faith or some other improper purpose. The Court will not, therefore, consider these factors as potential bases for denying the McClain Defendants' motion to amend.

### iii. Futility

### A. Negligent Destruction of Evidence

Plaintiffs contend that negligent destruction of evidence is not recognized as an independent cause of action under New Jersey or federal law. (Pl. Br., ECF No. 57 at 13). The McClain Defendants do not dispute this in their reply submission. Instead, the McClain Defendants suggest, for the first time, that the Court should "consider this claim as one for negligence." (Def. Rep. Br., ECF No. 60 at 12). It is settled that "[a] moving party may not

raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." D'Alessandro v. Bugler Tobacco Co., No. 05-5051 (JBS), 2007 U.S. Dist. LEXIS 2735 (D.N.J. Jan. 12, 2007) (citing Int'l. Raw Materials, Ltd. v. Stauffer Chem. Co., 978 F.2d 1318, 1327 n.11 (3d Cir. 1992). Moreover, the McClain Defendants proposed, amended pleading does not contain this cause of action, as required under Local Civil Rule 7.1(f). The Court therefore declines to convert the McClain Defendants' explicit counterclaim for negligent destruction of evidence into one for simple negligence. As the McClain Defendants have not challenged Plaintiffs' contention that the relevant law does not recognize an independent cause of action for negligent destruction of evidence, the Court finds that the McClain Defendants' proposed claim would be subject to dismissal and is therefore futile.

### B.      Fraudulent Concealment of Evidence

The McClain Defendants also seek to include a counterclaim against Plaintiff Bruno for "fraudulent concealment of evidence." The parties agree that, in order to prevail on a claim for fraudulent concealment brought in the spoliation context, a claimant must establish the following elements:

>    (1) That defendant in the fraudulent concealment action had a legal obligation to disclose evidence in connection with an existing or pending litigation;
>
>    (2) That the evidence was material to the litigation;
>
>    (3) That plaintiff could not reasonably have obtained access to the evidence from another source;
>
>    (4) That defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation;

(5) That plaintiff was damaged in the underlying action by having

to rely on an evidential record that did not contain the evidence

defendant concealed.

Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81, 118 (2008) (quoting Rosenblit v. Zimmerman, 166 N.J. 391, 401 (2001)).  The parties dispute, however, whether the McClain Defendants have asserted a valid cause of action for fraudulent concealment.

Plaintiffs first contend that the McClain Defendants' fraudulent concealment claim fails as a matter of law, as that cause of action is categorically unavailable to defendants.  (Pl. Br., ECF No. 57, at 13 ("Rather, this tort is directed only at protecting prospective claims of plaintiffs.").  As the McClain Defendants point out, however, they have also asserted counterclaims against Plaintiffs (including Plaintiff Bruno) seeking to recover an alleged overpayment of wages.  (Def. Br., ECF No. 60 at 9-10).  With respect to the dangers of spoliation, the Court finds no distinction between a plaintiff (whom Plaintiffs agree may bring a claim for fraudulent concealment) and a counterclaimant.  Indeed, one of the cases that Plaintiffs cite in support of their argument explicitly recognizes that "[t]he protective function of the spoliation tort . . . may be applicable where there are counterclaimants."  Hirsch v. Gen. Motors Corp., 266 N.J. Super. 222, 245 (L. Div. 1995).  The Court does not, therefore, find Plaintiffs' argument to be convincing.

Plaintiffs also make several fact-intensive arguments suggesting that the McClain Defendants will not be able to prove all of the necessary elements of their fraudulent concealment claim.  (Pl. Br., ECF No. 57 at 14-15).  The McClain Defendants are not required, however, to prove their case at the pleading stage.  It may very well be that the McClain Defendants' claim for fraudulent concealment fails at either the summary judgment phase or at

trial for lack of adequate proofs. That determination is not currently before the Court, nor is it appropriate in the context of a motion to amend. At this juncture, the Court must simply determine whether the proposed amended "would clearly be futile." See Cowell v. Palmer Twp., 264 F.3d 286, 296 (3d Cir. 2001). Plaintiffs further contend that the McClain Defendants have "failed to allege even one specific fact in their proposed answer that shows that Plaintiff Bruno *intentionally* withheld his logbook with purpose to disrupt the litigation." (Pl. Br., ECF No. 57 at 15) (emphasis in original). The Court disagrees. The McClain Defendants have alleged, among other things, that "Plaintiff Bruno knew that the logbook was important evidence when he prepared the initial Complaint", (Proposed Am. Answer, ECF No. 51, pp. 4-48, at ¶ 17), that "Plaintiff Bruno knew that by not maintaining and safeguarding the logbook he was depriving . . . McClain of highly relevant evidence", (id. ¶ 18), and that "Plaintiff Bruno and/or his attorneys intentionally have withheld or destroyed the logbook in order to disrupt this litigation." (Id. ¶ 31). Taking the McClain Defendants' factual allegations as true, the Court finds that they have alleged a plausible entitlement to relief on their fraudulent concealment claim against Plaintiff Bruno. Plaintiffs have therefore not established that it would be futile to add a fraudulent concealment claim against Plaintiff Bruno to the McClain Defendants' counterclaims.

### iv. Conclusion

As the Court finds good cause to consider the McClain Defendants' late amendment, that Plaintiffs have not established that the addition of a fraudulent concealment claim would be futile and given the liberal standard for amendment under Federal Rule of Civil Procedure 15, the Court will grant the portion of the McClain Defendants' motion seeking to assert that cause of action. The Court will, however, deny as futile the McClain Defendants' request to add a claim for negligent destruction of evidence.

### d.    The McClain Defendants' Request for Sanctions

The McClain Defendants also seek sanctions associated with Plaintiff Bruno's failure to preserve the logbook discussed above.  Specifically, the McClain Defendants request an order precluding Plaintiff Bruno from seeking any economic losses associated with his wage and hour claims.  Alternatively, they request that the Court give an adverse inference instruction to the jury regarding the absence of the logbook.  (Def. Br., ECF No. 51-1 at 12).  The McClain Defendants also seek an award of attorneys' fees compensating them for their efforts in seeking production of the logbook and in bringing their motion for sanctions.  (Id. at 13).

As noted above, the McClain Defendants' application requires the Court to conduct a two-part inquiry.  First, the Court must determine whether Plaintiff Bruno's conduct constitutes spoliation.  If the Court agrees that Plaintiff Bruno has spoliated evidence, it must next consider the sanctions available to redress the situation.  Bull, 665 F.3d at 73, n.5 (3d Cir. 2012).  In analyzing potential spoliation, a court must examine whether:  "[1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party."  Id. at 73.  Three of these four factors are not in serious dispute and the Court can address them quickly.  First, there is no question that the logbook in question was in Plaintiff Bruno's exclusive control.  (See, ECF No. 51-2 at 178:15-21).  Second, as Plaintiff Bruno testified that he used the logbook when preparing his Complaint and that it contains information concerning the dates and times he worked for Defendant McClain & Company, (id. at p. 56 at 175:7-22), that document is clearly relevant to his claims.  Given its obvious relevance to the case, the Court likewise finds that Plaintiff Bruno should have reasonably foreseen the need to preserve his logbook.  The parties dispute on the spoliation issue

focuses on whether Plaintiff Bruno engaged in "actual suppression or withholding" of the logbook.

With regard to the "actual suppression or withholding" factor, the Third Circuit unequivocally found that "a finding of bad faith is pivotal to a spoliation determination." Bull, 665 F.3d at 79. The McClain Defendants bear the burden of establishing that Plaintiff Bruno acted in bad faith. Id. at 77. The only evidence of record on this point, however, is that the logbook was inadvertently misplaced or thrown out. (Id. at 178:17-21). The McClain Defendants contend that, because Plaintiff Bruno was aware of the logbook prior to the commencement of litigation and failed to disclose the logbook in his Rule 26 disclosures or discovery responses, the only explanation for the logbook's disappearance is that Plaintiff Bruno or his attorneys "actions, in withholding the logbook and allowing it to be destroyed, were knowing and intentional." (Def. Br., ECF No. 51-1 at 11). The McClain Defendants' arguments, however, are not evidentiary, Fromm v. MVM, Inc., 371 F. App'x 263, 270 (3d Cir. 2010) ("arguments are not evidence, and we find no support in the record for this position"), and they have not introduced any actual evidence to support their accusations.

In their reply submission, the McClain Defendants suggest, for the first time, that mere negligence may suffice to support a finding of spoliation. While they cite to Kounelis v. Sherrer, 529 F. Supp.2d 503, 519 (D.N.J. 2008), and Klett v. Green, No. 10-cv-2091, 2012 U.S. Dist. LEXIS 89115 (D.N.J. June 27, 2012), for the proposition that spoliation occurs where a party "negligently" fails to preserve potentially discoverable evidence, (Def. Br., ECF No. 60 at 4-5), neither of those decisions accounts for the Third Circuit's guidance that "a finding of bad faith is pivotal to a spoliation determination." Bull, 665 F.3d at 79. It seems clear that, post-Bull, "actual suppression requires more than ordinary negligence." Kachigian v. Berkshire Life Ins.

<u>Co. of America</u>, No. 09-6217 (DEA), 2013 U.S. Dist. LEXIS 46589, *9-10 (D.N.J. April 1, 2013).  Indeed, in <u>Bull</u>, the Third Circuit recognized that "[n]o unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed",  665 F.3d at 79 (quoting <u>Brewer v. Quaker State Oil Ref. Corp.</u>, 72 F.3d 326, 334 (3d Cir. 1995)).  The only competent evidence before the Court suggests that this is precisely what happened with regard to Plaintiff Bruno's logbook.

As the McClain Defendants have failed to establish, on the current evidentiary record, that Plaintiff Bruno acted in bad faith with regard to the logbook, the Court cannot find that Plaintiff Bruno's conduct amounts to spoliation under <u>Bull</u>.  The Court will, therefore, deny the McClain Defendants' request for sanctions, without prejudice.  If the McClain Defendants uncover additional evidence suggesting that Plaintiff Bruno acted in bad faith with regard to the logbook, they may renew their application.

### V.    <u>CONCLUSION</u>

Based on the foregoing findings, the Court will:

1.    Grant the portion of Plaintiffs' motion seeking to add Daniel McClain as a defendant in his individual capacity;

2.    Deny the portion of Plaintiffs' motion seeking to add a claim under the New Jersey Prevailing Wage Act;

3.    Deny the portion of the McClain Defendants' motion seeking to add a counterclaim against Plaintiff Bruno for negligent destruction of evidence;

4.    Grant the portion of the McClain Defendants' motion seeking to add a counterclaim against Plaintiff Bruno for fraudulent concealment of evidence; and

5.      Deny, <u>without</u> <u>prejudice</u>, the portion of the McClain Defendants' motion seeking spoliation sanctions against Plaintiff Bruno.


**<u>s/ JOSEPH A. DICKSON, U.S.M.J.</u>**
**JOSEPH A. DICKSON, U.S.M.J.**

cc:  Hon. Claire C. Cecchi, U.S.D.J.