**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SANTA LUCIA, et al., | Civil Action No.: 11-cv-930 (CCC-MF) |
| Plaintiffs, | (Lead Consolidated Docket) |
| v. | |
| MCCLAIN & COMPANY, INC., et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court upon the motion of Plaintiffs Michael Santa Lucia, Frank Bruno, Ivan Casiano, Danny Brattoli, Joseph Tritto, Gabriel Scianna, and Dwayne Webster (collectively, "Plaintiffs") to approve the settlement reached between the parties on November 18, 2015. Plaintiffs' Brief in Support of the Parties' Settlement of Plaintiffs' FLSA Claims ("Pl. Br."), ECF No. 127. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. It appearing that:

1. Plaintiffs are former employees of Defendant McClain & Company ("McClain & Co."), which is in the business of renting under-bridge access equipment and performing bridge work, bridge repairs, and traffic control services for bridge and sign inspections. Defendant Daniel McClain is the owner and president of McClain & Co., and Defendant Mark Carucci was Regional Manager for the company's New Jersey office, out of which Plaintiffs worked. After Mark Carucci was terminated in 2010, Defendant Matthew Pasquale took over Mark Carucci's responsibilities as Regional Manager. Defendant Alan Ladd was a supervisor at McClain & Co.'s New Jersey location.

2. On January 11, 2011, Plaintiff Michael Santa Lucia filed a Complaint against Defendants McClain & Co., Matthew Pasquale, and Alan Ladd in New Jersey Superior Court. See Notice of Removal, Ex. A, ECF No. 1 in Case No. 11-cv-930 (the "Santa Lucia Matter"). On the same day, Plaintiffs Frank Bruno, Ivan Casiano, Danny Brattoli, and Joseph Tritto also filed a Complaint against Defendants McClain & Co., Alan Ladd, and Mark Carucci in New Jersey Superior Court. See Notice of Removal, Ex. A, ECF No. 1 in Case No. 11-cv-931 (the "Bruno Matter"). Both cases were removed to this Court and Defendants filed Answers. On October 12, 2011, the Court granted Plaintiffs in the Bruno Matter leave to file an Amended Complaint, adding Gabriel Scianna as a Plaintiff, and consolidated the Bruno and Santa Lucia Matters. See ECF No. 23.[1] With leave of Court, Plaintiffs then filed a Second, and eventually a Third Amended Complaint ("TAC"), adding Daniel McClain as a Defendant. See ECF Nos. 32, 79.[2]

3. Plaintiffs contend they were not paid for their actual hours worked, but rather they were compensated for a fixed amount of time for each shift they worked, regardless of how many hours they actually spent working. This compensation model was called the "Four and Three Policy." Plaintiffs allege that paying them according to the Four and Three Policy violated the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a, et seq., the New Jersey Wage Payment Act ("NJWPA"), N.J. Stat. Ann. § 34:11-4.1, et seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. They also bring claims under the Conscientious Employee Protection Act ("CEPA"), N.J.

---

[1] Unless otherwise indicated, ECF citations refer to docket entries in the Santa Lucia Matter, No. 11-cv-930, the lead docket for the consolidated cases.

[2] The Court denied Plaintiffs' request to add an additional claim under the New Jersey Prevailing Wage Act. See Opinion dated August 23, 2013, ECF No. 77, at 19-22.

Stat. Ann. § 34:19-1, et seq., a statute designed to protect whistleblowers, based on allegations that certain employees were fired for complaining about the Four and Three Policy. Finally, Plaintiffs brought various breach of contract claims.

4. The parties tried to resolve the matter through private mediation in 2012, and then through the Court mediation program (appointing Paul Werther as the mediator) in 2014. Both attempts were unsuccessful. Magistrate Judge Mark Falk was assigned to the case in 2014 and permitted the parties to file motions for summary judgment. On September 26, 2014, three motions for summary judgement or partial summary judgment were filed. ECF Nos. 101, 103, 104. The motions were administratively terminated on June 25, 2015 for the parties to pursue settlement discussions. On November 18, 2015, all Plaintiffs and Defendants McClain & Co., Daniel McClain, and Mark Carucci participated in a settlement conference before this Court and reached a full and final settlement of Plaintiffs' claims. Pl. Br. at 1. On November 25, 2015, the Plaintiffs moved for approval of the settlement agreement. ECF No. 127.

5. The Court approves the parties' settlement because the compromise reached (1) was the result of an adversarial process, where Plaintiffs were adequately represented; (2) resolves a bona fide dispute; (3) is fair and reasonable to Plaintiffs; and (4) is not the product of fraud or collusion on behalf of Defendants. Further, the Court approves the parties' request for attorneys' fees and costs as reasonable.

6. First, Plaintiffs were adequately represented by counsel from the inception of this litigation until the settlement was reached, which spanned the course of five years. Pl. Br. at 3. Plaintiffs' counsel negotiated the settlement with Defendants' counsel to resolve Plaintiffs' claims. Id. In exchange for a general release from all Plaintiffs, Defendants

will pay Plaintiffs a total of $400,000, inclusive of attorney's fees and costs. Id. Plaintiffs will receive a combined total of $185,400 and Defendants will pay $214,600 in attorneys' fees and costs.[3]

7. Second, the compromise reached resolves a bona fide dispute as to Plaintiffs' ability to recover for unpaid wages. Plaintiffs allege they were underpaid as a result of the Four and Three Policy. It is unclear whether Plaintiffs claims are cognizable under the FLSA. Notably, Defendants filed a motion for summary judgment on this point and, at the time the settlement was reached the motion was pending before the Court. Additionally, the number of hours actually worked by Plaintiffs is a disputed fact and therefore it is unclear whether Plaintiffs have valid overtime claims under the FLSA and NJWHL. Thus, the amount of "wages due" to Plaintiffs is a fact in dispute. For these reasons, there is a bona fide dispute between the parties.

8. Third, the settlement agreement is fair and reasonable to Plaintiffs. Under the terms of the settlement, Plaintiffs will receive a combined total of $185,400, which is more than their estimated amount of unpaid wages, which is approximately $120,895. Id. at 4. Further, the parties placed the settlement on the record and the Court thoroughly questioned each Plaintiff. Each Plaintiff confirmed he had entered into the Settlement Agreement voluntarily, understood he was waiving his right to trial, believed the settlement to be a fair and reasonable resolution of his claims, and understood the fees to be paid to his counsel. Id. at 2.

---

[3] Plaintiffs' settlement proceeds will be distributed as follows: Plaintiff Michael Santa Lucia will receive $63,000, Plaintiff Frank Bruno will receive $28,000, Plaintiff Ivan Casiano will receive $14,400, Plaintiff Danny Brattoli will receive $24,000, Plaintiff Joseph Tritto will receive $12,000, Plaintiff Gabriel Scianna will receive $20,000, and Plaintiff Dwayne Webster will receive $24,000. Pl. Br. at 3.

4

9. Fourth, there is no evidence of fraud or collusion on behalf of Defendants. All parties have been represented by counsel in this litigation and negotiations were at arms' length. Pl. Br. at 6. Both parties attended mediation numerous times throughout the course of this matter and compromised to reach the final settlement amount. Id. Each Plaintiff executed an individual settlement agreement and executed a separate joint settlement agreement with respect to counsel fees. Id. The settlement agreement was placed on the record and the Court fully examined each Plaintiff with respect to his satisfaction with the settlement.

10. The Court also approves Plaintiffs' counsels' request for attorneys' fees and costs in the amount of $214,600. "[T]he percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit." Brumley v. Camin Cargo Control, Inc., Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. In re Chickie's & Pete's Wage & Hour Litig., No. 12-6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014); see also Brumley, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable). Plaintiffs' counsels' costs in this case amount to $44,352.99; therefore out of the $214,600 requested, Plaintiffs' counsel requests $170,247.01 in attorneys' fees. Pl. Br. at 5. Counsel's request for $170,247.01 represents approximately 42 percent of the total settlement amount and, thus, falls within the range of reasonable allocations in the context of awards granted in other, similar cases. Further, a lodestar cross-check supports counsels' fee request because counsel has spent approximately 2,450.16 attorney, paralegal, and support staff hours prosecuting this

case, amounting to a lodestar calculated by counsel of approximately $867,785.97. Id. at 6. This amount exceeds counsel's request for $170,247.01, and does not include expenses counsel will incur to administer the settlement. Accordingly, the Court finds the $214,600 award of attorneys' fees and costs is not excessive and therefore approves the request for attorneys' fees and costs.

Accordingly, **IT IS** on this 8th day of December, 2015

**ORDERED** that Plaintiff's Motion for approval of the settlement agreement is **GRANTED** as to all of the terms of the agreement; and it is further

**ORDERED** that the request for attorneys' fees and costs is **GRANTED**; and it is further

**ORDERED** that the parties shall comply with all deadlines and terms in the settlement agreement; and it is further

**ORDERED** that this action is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

**CLAIRE C. CECCHI, U.S.D.J.**